# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| REZATA COLEY-CARR, | ) | CASE NO. 1:16cv927 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN MICHELLE MILLER, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Rezata Coley-Carr filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Belmont Correctional Institution, having pleaded guilty to rape charges on June 24, 2013 in the Cuyahoga County Court of Common Pleas. Petitioner was sentenced on August 6, 2013 to ten years of incarceration.

Petitioner asserts three grounds for relief in his habeas petition: (1) the trial court should have allowed him to withdraw his guilty plea; (2) he was denied the effective assistance of trial counsel; and (3) he was not given a hearing on his motion to withdraw guilty plea. He asks this Court to vacate his conviction and order the State of Ohio to give him a new trial. Petitioner also filed an application to proceed *in forma pauperis*. (Doc. No. 2). That application is granted.

## I. BACKGROUND

A Cuyahoga County, Ohio grand jury returned a nine-count indictment against petitioner on charges of rape with a sexually violent predator specification, two counts of kidnapping with sexual motivation and sexually violent predator specifications, aggravated burglary, attempted felonious assault, tampering with evidence, attempted burglary, aggravated menacing, and menacing by stalking. *See State v. Coley-Carr*, No. 101611, 2014 WL 7186798, at *1 (Ohio Ct. App. Dec. 18, 2014). Petitioner entered a plea of not guilty, however, on the day of trial, he accepted a plea agreement. *Id.* He pleaded guilty to rape, with the deletion of the sexually violent predator specification and the state dismissed all other charges. *Id.* He was sentenced on August 6, 2013 to ten years in prison.

Petitioner did not file a direct appeal of his conviction or sentence. *Id.* Five months later, he filed a series of *pro se* post-judgment motions. *Id.* The court appointed counsel for petitioner and, on May 21, 2014, counsel filed a motion with withdraw guilty plea or, in the alternative, a motion for post-conviction relief. *Id.* In the motion, petitioner claimed he should be permitted to withdraw his plea because he thought he was pleading guilty to sexual battery, not rape, and because he told his attorney before sentencing that he wanted to withdraw his plea and go to trial. *Id.* The trial court denied the motion on May 27, 2014, but did not enter it on the court docket until June 1, 2014. *Id.*

Petitioner filed a *pro se* appeal of that decision to the Ohio Eighth District Court of Appeals on July 1, 2014. *Id.* On December 18, 2014, the Court of Appeals determined petitioner's grounds for relief were barred by *res judicata* because they could and should have been raised on direct appeal. *Id.* Petitioner appealed that decision to the Supreme

2

Court of Ohio, which declined to accept jurisdiction on May 20, 2015. *State v. Coley-Carr*, 142 Ohio St. 3d 1467 (2015).

While his appeal of the denial of his motion to withdraw guilty plea was pending in the Supreme Court of Ohio, petitioner attempted to file a direct appeal of his conviction with the Ohio Eighth District Court of Appeals. The court of appeals denied him leave to file a delayed appeal on May 13, 2015. Petitioner did not appeal that decision to the Supreme Court of Ohio.

On September 14, 2015, petitioner filed a "Motion Requesting Reinstatement of Journalized Entry for Appeal as of Right" in the trial court. Petitioner's motion does not indicate the relief he is seeking, however, he appears to be requesting that the common pleas court re-enter the court of appeals' decision of May 13, 2015, so the entry will have a more recent date allowing a timely appeal of the decision to the Supreme Court of Ohio. That motion has not received a ruling from the common pleas court.

Petitioner has now filed this petition for a writ of habeas corpus on April 19, 2016. Petitioner asks this Court to vacate his conviction and order the State of Ohio to give him a new trial on the grounds that: (1) the trial court should have allowed him to withdraw his guilty plea; (2) he was denied the effective assistance of trial counsel; and (3) he was not given a hearing on his motion to withdraw his guilty plea.

Along with the petition, petitioner filed a motion to stay the proceedings in accordance with Federal Civil Procedure Rule 60(A). He indicates his "Motion Requesting Reinstatement of Journalized Entry for Appeal as of Right" is still pending and, if granted, will allow him to exhaust his state court remedies. Petitioner contends he is entitled to

3

relief under Rule 60(A) because "there were clear clerical errors made in the petitioner's case." (Doc. 4 at 25.[1]) For the reasons stated below, the motion is denied, the petition is denied, and this case is dismissed.

## II. DISCUSSION

**A. Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996, and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999) (citing *Lindh*, 521 U.S. at 336). AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, . . . and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (internal case citations omitted) (citing *Williams v. Taylor*, 529 U.S. 362, 436, 120 S. Ct. 1479, 146 L. Ed. 2d 389 (2000)).

A federal court may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.

4

of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774 (6th Cir. 2008) (quoting 28 U.S.C. § 2254(d)).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed." *Wilkins*, 512 F.2d at 774 (quoting *Williams*, 529 U.S. at 405). "In order to have an 'unreasonable application of . . . clearly established Federal law,' the state-court decision must be 'objectively unreasonable,' not merely erroneous or incorrect." *Id.* (quoting *Williams*, 529 U.S. at 409). Furthermore, the decision must be contrary to the holdings of the Supreme Court of the United States, as opposed to dicta. *Id.*

A determination of a factual issue made by a state court shall be presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Wilkins* 512 F.3d at 774. A state court's determination of fact will be unreasonable under § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). In other words, a state court's determination of facts is unreasonable if that finding conflicts with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to defer to state court decisions "unless the judgment in place is based on an error grave enough to be called unreasonable." *Id.* (quoting *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**B. Procedural Requirements for Habeas Relief**

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome certain procedural hurdles, including exhaustion and procedural default.

**1. Exhaustion**

As a general rule, a state prisoner must exhaust all possible state remedies, or have no remaining state remedies, before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (requiring exhaustion of available state remedies); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on petitioner's claims.") (quoting *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently

6

particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *Wilkes v. Turner*, No. 3:14CV990, 2014 WL 6879174, at *4 (N.D. Ohio Dec. 4, 2014) (quoting *Blackmon v. Booker,* 394 F.3d 399, 400 (6th Cir. 2004) (citations omitted)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Id.* (citing *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984)). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Id.* (citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). It cannot rest on a legal theory that is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Id.* (citing *Wagner,* 581 F.3d at 414).

### 2. Procedural Default

The procedural default doctrine bars review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 543 L. Ed. 2d 594 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). When the last explained state court decision rests upon procedural default as an

"alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).

To determine if a claim is procedurally defaulted, the Court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984) (citation omitted). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., procedurally defaulted), are generally not cognizable on federal habeas review.

8

**C. Analysis**

Petitioner's grounds for relief are procedurally defaulted. After his conviction, he did not file a direct appeal. He filed a motion to withdraw guilty plea, which the trial court denied. Although he appealed that decision, the state appellate court dismissed the appeal on the procedural grounds of *res judicata* stating the issues could and should have been raised on direct appeal. He then requested permission from the state appellate court to file a delayed direct appeal, but his request was denied.

When a claim is procedurally defaulted, federal habeas review is barred unless the petitioner can demonstrate: (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error, or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin*, 785 F.2d at 138; *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004). In order to establish prejudice, petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)).

The petition does not suggest any factor external to the defense that precluded petitioner from raising these claims in a timely filed direct appeal. He therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the Supreme Court of the United States has recognized a narrow exception to the "cause" requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004) (citing *Murray*, 477 U.S. at 496). Petitioner has not suggested a basis for finding that a fundamental miscarriage of justice occurred as a result of this procedural default.

Finally, petitioner asks this Court to stay this action until the common pleas court rules on his motion for reinstatement of journalized entry for appeal. Contrary to petitioner's assertion, even if the state court granted this motion and reissued the journalized entry from the court of appeals, it would only change the date on which the entry was issued. It would not alter the underlying substance of the decision, which denied the claims on appeal on procedural grounds. Petitioner's grounds for relief would still be procedurally defaulted. His motion to stay proceedings (Doc. No. 4) is denied.

### III. CONCLUSION

For all the foregoing reasons, petitioner's motion to stay proceedings (Doc. No. 4) is denied, the petition for a writ of habeas corpus is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 1, 2016

                                              _____
                                              **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**